UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                    :

EATONI ERGONOMICS, INC.,                        08 Civ. 10079 (WHP)
                    :

        Plaintiff,                 MEMORANDUM & ORDER
                    :

     -against-                 :

RESEARCH IN MOTION CORP., et ano.,
                    :

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/25/11

        Plaintiff Eatoni Ergonomics, Inc. ("Eatoni") moves for reconsideration of this

Court's Memorandum & Order dated June 1, 2011 (the "June Memorandum & Order") denying

Eatoni's motion to vacate arbitration awards issued on March 28, 2007 and June 8, 2010, and

granting the motion by Defendants Research In Motion Corporation and Research In Motion Ltd.

(collectively, "RIM") to confirm the 2010 award.  For the following reasons, Eatoni's motion for

reconsideration is denied.

        Local Civil Rule 6.3 allows a party to move for reconsideration in light of

"matters or controlling decisions which counsel believes the court has overlooked."

Reconsideration is an "'extraordinary remedy to be employed sparingly in the interests of finality

and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715

(S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000)).  It is not an invitation to "treat the court's initial decision as the opening of a

dialogue in which [a] party may then use such a motion to advance new theories or adduce new

evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972

(MBM), 1998 WL 788781, at *1 (S.D.N .Y. Nov. 12, 1998). The purpose of reconsideration is

to correct clear error, prevent manifest injustice, or account for newly available evidence.

Parrish, 253 F. Supp. 2d at 715. Accordingly, a motion for reconsideration "will generally be

denied unless the moving party can point to controlling decisions or data that the court

overlooked . . . that might reasonably be expected to alter the conclusion reached by the court."

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert

new arguments or claims which were not before the court on the original motion." Koehler v.

Bank of Bermuda, Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10,

2005) (citing Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y 1999)).

Notwithstanding the well-established standard governing a motion for

reconsideration, Eatoni failed to mention it, let alone explain any clear error or manifest injustice

committed by this Court. Eatoni's recitation of the standard in its reply brief came only after this

Court pointed out the earlier omission at a conference on June 24, 2011.

In any event, Eatoni's arguments on reconsideration are easily rejected. While

Eatoni contends that this Court erred in evaluating the Arbitrator's application of the good faith

standard, it fails to point to any controlling decisions or newly discovered evidence overlooked

in the June Memorandum & Order. Although potentially persuasive, this Court's decision in

InterDigital Commc'ns Corp. v. Nokia Corp., 407 F. Supp. 2d 522, 529 (S.D.N.Y. 2005), on

which Eatoni relies heavily, is hardly "controlling" on the issue of good faith under state law.

And to the extent that Eatoni views the June Memorandum & Order as a "manifest injustice,"

such an argument is hyperbolic. In reviewing the arbitration awards, this Court was required to

find only a "barely colorable justification for the outcome reached," even where if it was

"convinced that the [A]rbitrat[or] . . . made the wrong call on the law." Stolt-Nielsen v.

2

AnimalFeeds Int'l Corp., 548 F.3d 85, 91 (2d Cir. 2008), reversed on other grounds 130 S. Ct.
1758 (2010). Thus, even assuming a legal error in the June Memorandum & Order, given this
standard and the fact-specific analysis required to evaluate a party's good faith, this Court
concludes that no manifest injustice has been done.

Eatoni engages in a logomachical exercise when it argues that the good faith
standard asks whether RIM's conduct during the parties' joint development efforts was
"misleading." The question is not whether RIM's conduct was misleading; rather, the question is
whether the Arbitrator was compelled to find that it was reasonable for Eatoni to have been
misled. As this Court noted, the Arbitrator's inquiry entailed numerous "fact and credibility
determinations and [was] highly dependent on the specifics of the parties' negotiations." Eatoni
Ergonomics, Inc. v. Research in Motion Corp., 08 Civ. 10079 (WHP), 2011 WL 2437416, at *9
(S.D.N.Y. June 1, 2011). After reviewing those determinations and negotiations, this Court
found that it could not "say as a matter of law that a reasonable person in Eatoni's position would
have expected RIM to depart from its normal development procedures or that RIM was required
to disclose the T–Mobile project." Eatoni, 2011 WL 2437416, at *9. That conclusion was based
on the totality of the circumstances. Eatoni's argument that the Arbitrator and this Court
assessed those circumstances exclusively from RIM's perspective is meritless.

Finally, Eatoni's contention that the good faith standard requires RIM's
development procedures to be "reasonable" rather than simply "customary" is unavailing. Even
if true, a breach of the duty to negotiate in good faith requires a showing that RIM "act[ed]
arbitrarily or irrationally," Dalton v. Educ. Testing Serv., 87 N.Y.2d 384, 389 (N.Y. 1995), and
Eatoni has failed to provide a credible explanation why RIM's procedures satisfy that standard.
The Arbitrator's statement that "it was arguably inefficient for Griffen and Gutowitz to do a

3

significant amount of work only to learn that the idea would not be acceptable" is of no import

because that observation was not finding of fact. Moreover, the presence of certain inefficiencies

during RIM's product development procedures does not establish that they were per se

unreasonable. In the end, RIM may take into consideration any number of factors.

For the foregoing reasons, Eatoni's motion for reconsideration is denied. The

Clerk of the Court is directed to terminate the motion pending at Docket Nos. 55 and 56.

Dated:  August 25, 2011
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Eric W. Berry, Esq.
Berry Law PLLC
132 Nassau Street, Suite 1300
New York, NY 10038
*Counsel for Plaintiff*

Linda S. DeBruin, Esq.
Craig D. Leavell, Esq.
Aaron B. Goodman, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
*Counsel for Defendants*

Michael S. Feldberg, Esq.
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
*Counsel for Defendants*